UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN RUIZ, individually and on behalf of all others similarly situated,<br><br>                              *Plaintiff*,<br><br>           -against-<br><br>CAPRI II PIZZA, INC., GIULIO DIVITO, CHRISTOPHER DIVITO, and MARIO REYES,<br><br>                              *Defendants*. | **CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Bryan Ruiz ("Ruiz" or Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Gangat PLLC, complaining of the defendants, Capri II Pizza, Inc. ("Capri"), and Giulio Divito ("Divito"), Christopher Divito ("Christopher"), and Mario Reyes ("Reyes") (collectively, "Defendants"), respectfully allege as follows:

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New York Labor Laws §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the Internal Revenue Code, 26 U.S.C. § 7434.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA and 26 U.S.C. § 7434.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiff is covered employees within the meaning of the FLSA and NYLL.

9. Capri, is a domestic corporation with its principal place of business located at 149 Dreiser Loop, Bronx, New York, 10543, with its executive office address located at 155 Saxon Dr. Mamaroneck, New York, 10543.

10. Capri is a pizzeria that also serves Italian cuisine.

11. Upon information and belief, Divito, Christopher, and Reyes are individuals residing in the State of New York.

12. At all relevant times, Divito, Christopher, and Reyes were owners and/or managers of Capri.

13. At all relevant times, Divito, Christopher, and Reyes were and still are officers, directors, shareholders, owners, and/or persons in control of Capri, who exercise significant control over Capri's operations and had the authority to hire, fire, and discipline their employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

14. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

15. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

16. At all relevant times, Defendants were responsible for compensating Plaintiff.

17. Defendants are a single enterprise and/or joint employers as Defendants operate for the same business purpose and have common ownership and management.

18. Defendants are joint employers, who jointly managed, supervised, hired, fired, and controlled the manner of pay of Plaintiff, and are jointly and severally liable in this matter.

19. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

20. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

21. Defendants operate in interstate commerce.

22. Defendants are subject to suit under the statutes alleged above.

23. Defendants employed Ruiz as a cashier, delivery man, and janitor from in or around November 2016 until and is still currently employed by the Defendants.

24. As a cashier, Ruiz's primary job duties included operating the cash register, making deliveries of food, and cleaning the restaurant when he wasn't making deliveries or operating the cash register.

25. From in or around November 2016 until in or around November 2023, Ruiz regularly worked approximately five (5) days per week, as follows: Wednesdays through

Sundays from approximately 10:15 a.m. to approximately 10:45 p.m., without any meal or rest breaks, for a total of approximately sixty two and a half (62.5) hours per week.

26. From in or around December 2023 until the present, Ruiz regularly worked three (3) days per week, as follows: Fridays through Sundays from approximately 10:15 a.m. to approximately 10:45 p.m., without any meal or rest breaks, for a total of approximately thirty seven and a half (37.50) hours per week.

27. Throughout Ruiz's employment, Defendants neither tracked the hours Ruiz worked, nor required Ruiz to record his time.

28. From in or around November 2016 until in the present, Defendants paid Ruiz $60.00 per day for all hours worked, including those hours worked over forty (40) per week.

29. On or around November 28, 2023, Plaintiff was complaining to a coworker that he should get a better job that pays hourly and that gives them breaks.

30. Divito overheard Plaintiff's complaint and threatened to fire Plaintiff for complaining about the working conditions and pay at the restaurant.

31. Shortly thereafter in December 2023, Defendants cut Plaintiff's work schedule from five days per week to three days per week.

32. Defendants unlawfully retaliated against Plaintiff for complaining about the pay and lack of breaks by threatening to fire him and then by reducing his work hours.

33. Defendants retaliated against Ruiz for attempting to assert his legal rights under the FLSA and NYLL.

34. At all relevant times, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and entitled to overtime compensation and to earn the minimum wage.

35. Despite routinely working in excess of forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate or the applicable minimum wage rate, whichever is greater, for the hours they worked in excess of forty (40) per week.

36. Furthermore, throughout his employment with Defendants, Plaintiff was not paid at least the applicable Federal nor the New York State minimum wage rate for all hours worked under the FLSA and the NYLL.

37. Plaintiff also frequently worked shifts that spanned more than ten (10) hours per day, but were not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which his shifts exceeded ten (10) hours ("spread of hours pay").

38. Defendants further failed to furnish to Plaintiff a payroll notice at the time of his hire, or at any time thereafter, containing Plaintiff's rates of pay, the designated payday, or other information required by NYLL § 195(1).

39. Defendants also failed to furnish Plaintiff, with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

40. Defendants violated federal and state law by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation and minimum wage; by failing to pay Plaintiff the applicable spread of hours wages; by failing to timely pay Plaintiff his full amount of wages every week; by failing to provide Plaintiff with the required payroll notices and wage statements; and by retaliating against Plaintiff for exercising his legal rights under the FLSA and NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

41. Plaintiff repeats and realleges all prior allegations set forth above.

42. Pursuant to the applicable provisions of the FLSA, Plaintiff is entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

43. Plaintiff regularly worked in excess of forty (40) hours per week during their employment with Defendants.

44. Throughout the relevant time period, Defendants failed to pay Plaintiff overtime wages of one and one-half (1.5) times their regular rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours per week.

45. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

46. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of the total amount of wages due ("liquidated damages").

47. Judgment should be entered in favor of Plaintiff against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations under the NYLL)*

48. Plaintiff repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

50. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

51. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

52. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

53. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

54. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Minimum Wage Violations under the FLSA)*

55. Plaintiff, on behalf of himself, repeats and realleges all prior allegations set forth above.

56. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

57. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for all of the hours they worked.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Minimum Wage Violations under the NYLL)*

61. Plaintiff repeats and realleges all prior allegations set forth above.

62. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

63. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for all of the hours they worked.

64. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

65. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

66. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Spread of Hours Violations Under the NYLL)*

67. Plaintiff repeats and realleges all prior allegations set forth above.

68. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

69. Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spanned more than ten (10) hours.

70. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to, 12 N.Y.C.R.R. §§ 142-2.4.

71. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of his unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Payroll Notices Under the NYLL)*

72. Plaintiff repeats and realleges all prior allegations set forth above.

73. Defendants failed to furnish to Plaintiff, at the time of hire or at any time thereafter, notices containing the rate or rates of pay and basis thereof; allowances, if any claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer or any other information required by NYLL § 195(1).

74. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

75. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the form of liquidated damages amounting to $50.00 per day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Wage Statements Under the NYLL)*

76. Plaintiff repeats and realleges all prior allegations set forth above.

77. Throughout the relevant period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: the regular hourly rates of pay; overtime rates of pay; number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; and net wages; in violation of NYLL § 195(3).

78. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for

every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

79. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the form of liquidated damages amounting to $250.00 per day for every day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Retaliation under the FLSA)*

80. Plaintiff repeats and realleges all prior allegations.

81. On or around November 28, 2023, Plaintiff was complaining to a coworker that he should get a better job that pays hourly and that gives them breaks.

82. Divito overheard Plaintiff's complaint and threatened to fire Plaintiff for complaining about the working conditions and pay at the restaurant.

83. Shortly thereafter in December 2023, Defendants cut Plaintiff's work schedule from five days per week to three days per week.

84. Defendants unlawfully retaliated against Plaintiff for complaining about the pay and lack of breaks by threatening to fire him and then by reducing his work hours.

85. Defendants retaliated against Ruiz for attempting to assert his legal rights under the FLSA and NYLL.

86. Defendants' conduct against Plaintiff constitutes unlawful retaliation in violation of 29 U.S.C. § 215(a)(3).

87. As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants emotional, compensatory, and punitive damages, if

11

applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

88. Judgment should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action for emotional, compensatory, and punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Retaliation under the NYLL)*

89. Plaintiff repeats and realleges all prior allegations.

90. On or around November 28, 2023, Plaintiff was complaining to a coworker that he should get a better job that pays hourly and that gives them breaks.

91. Divito overheard Plaintiff's complaint and threatened to fire Plaintiff for complaining about the working conditions and pay at the restaurant.

92. Shortly thereafter in December 2023, Defendants cut Plaintiff's work schedule from five days per week to three days per week.

93. Defendants unlawfully retaliated against Plaintiff for complaining about the pay and lack of breaks by threatening to fire him and then by reducing his work hours.

94. Defendants retaliated against Ruiz for attempting to assert his legal rights under the FLSA and NYLL.

95. Defendants' conduct constitutes unlawful retaliation in violation of NYLL § 215.

96. As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants emotional, compensatory, and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

97. Judgment should be entered in favor of Plaintiff and against Defendants on the Ninth Cause of Action for emotional, compensatory, and punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all spread of hours wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney's fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for all emotional, compensatory, and punitive damages, if applicable, along with all lost wages and front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

i) on the Ninth Cause of Action for all emotional, compensatory, and punitive damages, if applicable, along with all lost wages and front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

j) interest;

k) costs and disbursements; and

l) such other and further relief as is just and proper.

Dated: February 28, 2024
       New York, NY

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810
New York, New York
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiffs*